Lance Johnson
10300 w charleston blvd, 13-157
LAS VEGAS, NV, 89135
702-510-3150
PLAINTIFF



2009 SEP 23  P 12: 53

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| LANCE A JOHNSON, | 2:09-cv-01870-PMP-PAL |
| Plaintiff(s), | |
| -vs- | |
| GMAC MORTGAGE LLC, | TRAIL BY JURY DEMANDED |
| (alleged successor to SILVER STATE FINACIAL SERVICES) | PURSANT TO BUT NOT LIMITED TO TILA VOLATIONS |
| Defendant(s). | |
| ROBERT HULL   co-Defendant | |

### I. PLAINTIFF'S STATEMENT OF CLAIM

### STATMENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED

1. Plaintiff institutes this action for actual damages, statutory damages, and the costs of this action against defendant, for multiple violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., (hereinafter TILA), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this court for the First Cause of Action is invoked pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. Jurisdiction of this court for the pendent claims is authorized by FRCP 18(a).

### III. PARTIES

4. The plaintiff, LANCE A. JOHNSON, is a natural person currently residing at c/o 10300 W Charleston Blvd. 13-157 Las Vegas, Nevada 89135.

1 This complaint is including but not limited to monetary damages pursuant to 15 U.S.C. § 1640.
2 Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

5. Defendant, GMAC MORTGAGE, LLC is a domestic corporation duly licensed to do business in the State of Nevada.

6. Defendant is a creditor pursuant to TILA, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

## IV. FACTUAL ALLEGATIONS

7. On or about November 14, 2006, plaintiff executed a promissory note and security agreement for that purpose, which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.6

## TRUTH IN LENDING ACT

Count I: Failure to Properly Provide the Right to Rescind

8. Defendant, has purchased consumer credit transactions through assignments in which Defendant acquired or retained security interests in the consumers' principal dwellings that failed to provide these consumers with the right to rescind the credit transactions by:

(a) failing to provide consumers with 2 copies of notices of the right to rescind;

(b) failing to permit consumers the right to rescind the credit transaction until, and disbursing funds before, midnight of the third business day following the later of consummation, delivery of the rescission notice or delivery of all material disclosures;

(c) waiving consumers' right to rescind the credit transactions, and disbursing funds, pursuant to rescission waivers that failed to describe, in writing, a <u>bona fide</u> personal financial emergency of the consumers; and/or

9. Defendant's aforesaid acts and practices, based on its assignee liability in Section 131 of the TILA, 15 U.S.C. § 1641, violate Sections 125(a), (b) and (d) of the TILA, 15 U.S.C. §§ 1635(a), (b) and (d) and Sections 226.23(a), (b), (c), (d) and (e) of Regulation Z, 12 C.F.R. §§ 226.23(a), (b), (c), (d) and (e) and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Count II: Failure to Properly Provide TILA Disclosures and/or Failure to Provide Timely TILA Disclosures

10. Defendant has extended consumer credit that failed to provide consumers with all TILA disclosures of the costs and terms of credit and/or that failed to provide all TILA disclosures prior to consummation of credit transactions.

11. Defendant's aforesaid acts and practices, based on its assignee liability in Section 131 of the TILA, 15 U.S.C. § 1641, violate Sections 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and Sections 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18, and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count III: Failure to Properly Provide Accurately TILA Disclosures

12. Defendant, in the course and conduct of its business, has failed to provide accurately certain TILA disclosures, including but not limited to the following:

(a) the identity of the creditor;

(b) the number, amount, and timing of payments scheduled to repay the obligation; and

(c) the total of payments.

13. Respondent Defendant's aforesaid acts and practices, based on its assignee liability in Section 131 of the TILA, 15 U.S.C. § 1641, violate Section 128 of the TILA, 15 U.S.C. § 1638, and Sections 226.18(a), (g) and (h) of Regulation Z, 12 C.F.R. §§ 226.18(a), (g) and (h), and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### Count IV: Failure to Properly Retain Documents

14. Defendant, in the course and conduct of its business failed to retain TILA disclosures, TILA notices of the right to rescind, promissory notes and/or other evidence of the terms and conditions of consumer credit transactions for two years after the date disclosures are required to be made or action is required to be taken concerning the transaction.

15. Defendant's aforesaid acts and practices, based on its assignee liability in Section 131 of the TILA, 15 U.S.C. § 1641, violate Section 226.25(a) of Regulation Z, 12 C.F.R. § 226.25(a).

### Count IV: Failure to provide proper disclosures Documents

16. The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a. By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b).

b. By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).

c. By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a) (9) and Regulation Z § 226.18(m).

d. By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d).

### Count V: Failure to provide timely disclosures Documents

17. Including but not limited to violation of 12 CFR 226.19(a) – untimely delivery of good faith estimate within the time the creditor receives the credit application

### Count VI: Failure to provide proper re-disclosures Documents

18. Including but not limited to violation of 12 CFR 226.19(a) –failure to re-disclosure

## STAMTENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED

WHEREFORE, plaintiff respectfully prays that this Court:

1. A settlement agreement between the Plaintiff and the Defendant that the Defendant shall remove any derogatory information and inquires from all four major credit-reporting agencies Trans Union, Equifax, Experian and Innovis and any other known or unknown credit reporting agencies Defendant has used now or may use in the Future

2. Defendant must also provide a letter and or Universal Data form indicating that they have done this and send same to the Plaintiff

3. The Defendant will be barred now or in the future from selling or transferring of the alleged debt to any other collection agency or attorney or entity and also barred now and in the future from re-entering this information into the Plaintiffs credit reports.

4. The Defendant must cease and desist any further collection activities against the Plaintiff and the Defendant may not Sell or Transfer the alleged account to any other Collection Agency, Attorney, Entity or Servicer now and in the Future

5. Payment of Amount: $3,000,00%for their Violations pursuant to but not limited to 15 U.S.C. § 1640(a)(2)(A)(i);

6. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

7. Release of all liens, deeds of trust, mortgage, and all clouds on property known and unknown. Defendant must provide a letter to Plaintiff on Company letter to this affect.

8. Award such other relief as the court deems appropriate.

9Defendant is forever barred an estoppel from every asserting a claim against plaintiff

*[signature]* 9-23-09

SIGNATURE
LANCE A JOHNSON
10300 w Charleston blvd,
13-157
LAS VEGAS, NV, 89135
702-510-3150
PLAINTIFF